The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARSHALL ALLEN COATS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WILLIAM KALM, *et al.*,<br><br>Defendants. | NO. 26-cv-5918-RSL-DWC<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION** |

Plaintiff Marshall Allen Coats, proceeding *pro se*, filed a proposed civil rights complaint under 42 U.S.C. § 1983. Dkt. 1-1. The Honorable David W. Christel, United States Magistrate Judge, reviewed the proposed complaint and concluded that it fails to state a claim on which relief can be granted. Dkt. 4. Judge Christel recommends that this case be dismissed without leave to amend and that plaintiff's application to proceed *in forma pauperis* be denied. Dkt. 4. Having reviewed the Report and Recommendation

(Dkt. 4), the remaining record, and the applicable law, this Court finds and ORDERS as follows:

Plaintiff did not file formal objections to the Report and Recommendation. He did, however, file two documents entitled "Miscellaneous Documents," Dkts. 5 and 6, which contain additional allegations of constitutional violations and misconduct by individuals involved in his criminal proceedings. Although these submissions do not identify any specific error in the Report and Recommendation, the Court has considered them and liberally construed plaintiff's allegations in light of his *pro se* status.

The Court agrees with Judge Christel that plaintiff's proposed complaint fails to state a claim under 42 U.S.C. § 1983 because it does not adequately allege that either named defendant acted under color of state law. As the Report and Recommendation correctly explains, criminal defense attorneys generally do not act under color of state law when representing their clients, and private citizens ordinarily are not subject to liability under § 1983. However, private individuals, including criminal defense attorneys, may act under color of state law when they conspire or engage in joint action with state officials to deprive another of constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984).

Although plaintiff alleges that defendants participated in a broader conspiracy involving law enforcement and other government officials, his allegations are conclusory and do not establish a plausible claim of joint action or conspiracy. *See Simmons v.*

*Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Nevertheless, because plaintiff is proceeding *pro se* and has not previously been afforded an opportunity to amend, the Court cannot conclude that the deficiencies in his complaint could not possibly be cured by additional factual allegations. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The Court therefore declines to adopt the recommendation that amendment would be futile.

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Dkt. 4) insofar as it concludes that plaintiff's proposed complaint fails to state a claim, but DECLINES TO ADOPT the recommendations that the action be dismissed without leave to amend, that plaintiff's application to proceed *in forma pauperis* be denied, and that the dismissal count as a strike under 28 U.S.C. § 1915(g).

Plaintiff is granted leave to file a proposed amended complaint within 30 days of the date of this Order. If plaintiff elects to amend, he must identify the specific constitutional rights allegedly violated by each defendant and allege facts showing how each defendant personally participated in the alleged violations. To the extent plaintiff alleges that either defendant conspired or acted jointly with government officials, he must allege facts supporting such an agreement or joint action, including the conduct of the individuals involved. Generalized and/or conclusory accusations of conspiracy or misconduct are insufficient.

Consideration of plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is deferred, and this matter is RE-REFERRED to Judge Christel for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATED this 27th day of October 2026.

Robert S. Lasnik
United States District Judge